UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TRAVANTE TYVAUGN TUCKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 2:23CV448-PPS/JEM |
| ) | |
| TECH CREDIT UNION and ) | |
| GENE NOVELLO, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Acting without an attorney, plaintiff Travante Tyvaugn Tucker filed this lawsuit against defendants Tech Credit Union and Gene Novello, identified as "President," seeking leave to file the action without prepayment of the ordinarily required filing fee. The financial facts attested to in Tucker's Motion to Proceed In Forma Pauperis support the conclusion that he cannot afford to pay the filing fee. [DE 3.] But because Tucker wants to file the case without paying the customary filing fee, the complaint is nonetheless subject to review and potential dismissal if on its face it lacks merit.

Pursuant to 28 U.S.C. §1915(e)(2)(B), "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that…(B) the action…(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The standard of review under §1915(e)(2)(B) borrows from Fed.R.Civ.P. 12(b)(6), which authorizes a motion challenging the sufficiency of a complaint "to state a claim upon which relief can be granted." The Supreme Court

interpreted the Rule 12(b)(6) pleading standard in the cases of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The Rule 12(b)(6) standard requires "a claim to relief that is plausible on its face," which in turn requires factual allegations sufficient to permit a reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556. *Pro se* filings are to be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Tucker describes his complaint as one "for equitable relief, breach of contract, breach of fiduciary duties, non-performance, security fraud, discrimination, (and) identity theft." [DE 1 at 4 (full capitalization removed).] This is despite the instruction on the form civil complaint to provide "a short and plain statement telling what each defendant did wrong," and not to "use legal terms, or make legal arguments." [DE 1 at 2.] The complaint is full of misused legal jargon, legal conclusions and what are offered as legal definitions and authorities. It is difficult to distill the factual basis for Tucker's claims. Because the best hope of a factual basis for any claims appears to be the exhibits submitted with the complaint, I review each of them in turn.

The principal fact alleged (albeit with legal jargon mixed in) appears to be that "on October 11, 2023, Plaintiff invested into Tech Credit Union in the form of a restricted endorsed collateral security agreement." [DE 1 at 6.] The agreement referred to is said to be attached as Exhibit 1. [*Id*.] Rather than an agreement, however, Exhibit 1

appears to be a "Branch Loan Application Worksheet" that has been filled in by hand, referencing a requested auto loan of $115,000. [DE 1-1 at 1.] Exhibit 1 is clearly not an agreement of any kind, much less an agreement entered into by Tech Credit Union.

Tucker's complaint characterizes its Exhibit 2 as "documents" that he "issued…to the Defendants with the collateral security agreement." [DE 1 at 6.] Problem One is that, as I've already observed, Tucker's allegation of the existence of an agreement with the credit union is belied by Exhibit 1. The next problem is that Exhibit 2 makes little sense and does not appear to support any relief against the credit union or its president. The complaint describes Exhibit 2 as "Instructions" requesting "the Chief Financial Officer/President to apply the principalis (*sic*) balance to the principals (*sic*) account for setoff and settlement." [DE 1 at 6.] The homemade document, containing references to Tucker as both agent and principal, appears to "instruct" defendant Novello to deliver an unnamed vehicle and clear title to a particular street address, along with a comprehensive 5-year warranty and 5 years of pre-paid insurance. [DE 1-2 at 1.] Neither the complaint nor Exhibit 2 itself identifies any cognizable factual or legal basis for such a demand. Other documents included – copies of statutes and a power of attorney executed by Tucker (apparently appointing himself by the name "Tucker Travante T") – add no discernible factual or legal substance to Exhibit 2. [DE 1-2 at 3-21.]

Exhibit 3 is a form "Notice of Adverse Action" on a Tech Credit Union form. [DE 1-3 at 1.] The form appears to document the credit union's refusal to grant a loan

3

requested by Tucker on October 11, 2023 in the amount of $95,885.00. [*Id.*] Reasons identified for the decision appear reasonable on their face – a credit score that does not meet guidelines, a history of collections, limited credit experience and insufficient income. [*Id.*] Exhibit 4 consists of a "Default Judgment," a "Notice of Intent to File Suit," and a "Notice of Fee Schedule," along with postal service proof of delivery, all suggesting that Tucker mailed the documents to the credit union. [DE 1-4 at 1-3.] What purports to be a default judgment does not appear to have been issued by any court, and the ludicrous basis for the effort to impose fees is Tucker's registration of his own name as some sort of legally protected mark.

Tucker's complaint consists largely of misapplied legal concepts not shown to be supported by any facts asserted, and what smacks of a fraudulently intended but utterly hopeless attempt to extract funds from the credit union defendant. No matter how liberally the pleading is construed, it fails to state a claim upon which relief might be granted, and furthermore appears likely to constitute an abuse of legal process. The complaint will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B). Leave to proceed without paying the filing fee will be denied, as will Tucker's separate "Notice of Motion and Motion to Intervene with an Injunction" [DE 2], which the Clerk has docketed as a motion for preliminary injunction. This latter document is the most nonsensical of all, suggesting proceedings against the Illinois Supreme Court and containing not a single cogent sentence.

**ACCORDINGLY:**

The complaint [DE 1] is DISMISSED pursuant to 18 U.S.C. §1915(e)(2)(B) because it fails to state a claim on which relief can be granted.

The motion for leave to proceed in forma pauperis [DE 3] and the document docketed as a motion for preliminary injunction [DE 2] are also DENIED.

This matter is CLOSED.

**SO ORDERED**.

ENTERED:  January 4, 2024.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT